UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
EASTERN DIVISION

| | |
|---|---|
| CLEAR SKIES NEVADA, LLC )<br>　　　　　　　　　　　　　　　　　)<br>　　Plaintiff -Appellee,　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>No. 17-2121　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>RENEE HANCOCK,　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　)<br>　　Defendant/Appellant.　　　　　)  | Appeal from the United<br>States District Court for<br>the Northern District of<br>Illinois, Eastern Division<br><br>No. 1:15-cv-06708<br><br>Virginia M. Kendall, Judge |

**DEFENDANT/APPELLEE'S RESPONSE TO JUNE 13, 2017 ORDER**

　　Attorney Lisa L. Clay, on behalf of Defendant/Appellant Renee Hancock, offers her sincere apology to this Honorable Court for her failure to address the Court's May 31, 2017 Order and submits the following response to the Court's June 12, 2017 rule to show cause:

**PROCEDURAL HISTORY**

　　This appeal arises from the district judge's dismissal, entered on April 27, 2017, and from the undersigned's desire to preserve appellate rights. Her notice of appeal specifically suggested that "F.R.A.P. 4(a)(2) shall apply, *i.e.* that the notice of appeal is being filed after a decision or order (dismissal) but before the entry of possible judgment or order… and that this notice shall be treated as filed on the date of and after the entry of the district court's ruling on the pending motion…" (App. Ct. Dkt. No. 1, p. 1.)

The undersigned believed this was sufficient explanation of the timeliness of her notice and the applicable rule, but on May 31, 2017 this Honorable Court ordered that, "the defendant-appellant shall file, on or before June 12, 2017, a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction…"

Defendant/Appellant filed said brief on June 12, 2017. On June 13, 2017 this Court ordered the undersigned to "show cause for her failure to fully respond to the court's order of May 31, 2017" and "address the issue of finality of the order appealed…"

## THE ISSUE OF FINALITY

As described in *Firstier*, Rule 4(a)(2) "permits a notice of appeal filed from certain *non-final* decisions to serve as an effective notice from a *subsequently entered final judgment*." *Firstier Mortgage Co. v. Invesors Mortgage Ins. Co.*, 498 U.S. 269, 274 (1991). The answer to the Court's question (whether there is a final order) appears to be "no," but that does not divest jurisdiction:

> Under Rule 4(a)(2), a *premature* notice of appeal does not ripen until judgment is entered. Once judgment is entered, the Rule treats the premature notice of appeal 'as filed after such entry'. Thus, even if a bench ruling in a given case were not 'final' within the meaning of § 1291, Rule 4(a)(2) would not render that ruling appealable in contravention of § 1921. Rather, it permits a premature notice of appeal from that bench ruling to relate forward to judgment and serve as an effective notice of appeal from the final judgment.

*Id*. at 275.

Defendant/Appellant does not wish to make what is already a complex and difficult process more complex and difficult. The undersigned sought authorization

from Plaintiff/Appellee's counsel Michael Hierl to file a voluntary notice of dismissal pursuant to Fed. R App. P. 42(b), as this Honorable Court had suggested in its May 31, 2017 Order, but her request was refused. (See Exhibit 1.) Filed concurrently herewith is Defendant/Appellant's Motion for Voluntary Dismissal, requesting that this Honorable Court exercise its discretion to dismiss "subject to appropriate conditions fixed by the Court."

Respectfully submitted:

     /s/ Lisa L. Clay
Lisa L. Clay
Attorney at Law
345 N. Canal Street, Suite C202
Chicago, IL 60606
312.753.5302
lclayaal@gmail.com
ARDC # 5277257